**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Charles E. Jacobs,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0073** (Kanawha County 19-P-463)

**Shawn Straughn, Superintendent,**
**Northern Regional Jail and Correctional Center,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Self-represented petitioner Charles E. Jacobs appeals the November 16, 2020, amended order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Shawn Straughn, Superintendent, Northern Regional Jail and Correctional Center, by counsel Patrick Morrisey and William E. Longwell, filed a summary response in support of the circuit court's order.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and does not include petitioner's plea agreement with the State in the underlying criminal case, a complete transcript of petitioner's October 24, 2016, plea hearing, or petitioner's November 26, 2019, petition for a writ of habeas corpus. Accordingly, the following factual and procedural history is based upon the findings set forth in the habeas court's November 16, 2020, amended order: In 2005, petitioner was convicted of first-degree robbery in Mingo County and was

---

[1] Respondent's summary response was filed on May 19, 2021, by counsel Holly M. Flanigan. By a notice of appearance, filed on August 26, 2021, William E. Longwell appeared as counsel for respondent.

sentenced to thirty-six years of incarceration. He was released on parole on March 6, 2015. While on parole, on December 18, 2015, petitioner was arrested in connection with robbery charges in Kanawha County. While the charges in Kanawha County were pending against petitioner, his parole was revoked, and he began serving the remainder of his sentence on the Mingo County conviction on February 16, 2016.

Petitioner and the State reached a plea agreement with regard to the Kanawha County charges. Relevant here, petitioner agreed to plead guilty to two counts of second-degree robbery and two counts of conspiracy to commit second-degree robbery. In exchange, the State dismissed all other charges in this case. The State further agreed to recommend that the trial court sentence petitioner to an aggregate term of ten to thirty-six years of incarceration through a combination of concurrent and consecutive sentences.

At an October 24, 2016, plea hearing, the trial court confirmed that the State's sentencing recommendation "was not binding on the [c]ourt." The trial court further confirmed that petitioner knew that the trial court did not have to accept the State's sentencing recommendation and that his "maximum exposure under the plea agreement would be twelve to forty-six years [of incarceration]" if the circuit court would make all four sentences consecutive to each other. "Petitioner understood the terms of the plea agreement and his rights." Petitioner's counsel "had gone over [p]etitioner's right with him." Accordingly, the trial court accepted petitioner's guilty pleas to two counts of second-degree robbery and two counts of conspiracy to commit second-degree robbery.

At a February 26, 2018, sentencing hearing,[2] the trial court accepted the State's sentencing recommendation and imposed "an aggregate [sentence] of 10 to 36 years [of] incarceration." Petitioner requested that he be given credit for time served from the date of his arrest on the Kanawha County charges in the instant case. The trial court granted petitioner sixty-three days of credit, finding that petitioner was entitled to credit for only the period from his arrest on December 18, 2015, until the February 16, 2016, parole revocation, which was "prior to the time [p]etitioner began serving [the remainder of] his sentence from the Mingo County [case]."

On November 26, 2019, petitioner filed a petition for a writ of habeas corpus, alleging that the circuit court breached the plea agreement by imposing an aggregate sentence of twelve to forty-six years of incarceration and that the circuit court failed to credit him with 802 days for time served. The habeas court denied the petition in a brief order entered on January 28, 2020. In *Jacobs v. Straughn*, No. 20-0111, 2020 WL 5588613 (W. Va. September 18, 2020) (memorandum decision), petitioner appealed the petition's denial, arguing that the January 28, 2020, order should "be reversed and the case be remanded for a hearing and the appointment of counsel[.]" *Id.* at *2. This Court in *Jacobs* rejected that argument due to "petitioner's failure to provide an adequate appellate record." *Id.* at *3. However, given the January 28, 2020, order's brevity and respondent's

---

[2]The plea agreement provided that petitioner would cooperate with the State in the cases of his co-defendants. Petitioner's sentencing hearing did not occur until February 26, 2018, due to continuances in his co-defendants' criminal proceedings.

concession that petitioner's claims would be viable if supported by the record, this Court remanded the case "to the [habeas] court for the entry of an order with findings sufficient to allow meaningful appellate review of the court's ruling." *Id.*

Following remand, the habeas court entered an amended order on November 16, 2020, denying the petition. The habeas court made a specific finding that a hearing was not required "[b]ecause the petition . . . failed to demonstrate to this [c]ourt's satisfaction that . . . [p]etitioner is entitled to relief." The habeas court rejected both claims set forth in the petition, finding as follows:

> The [c]ourt did not breach the plea agreement as alleged by [p]etitioner. The [c]ourt sentenced [p]etitioner to an aggregate sentence of ten (10) to thirty-six years [of incarceration], as recommended by the [State], not the twelve (12) to forty-six (46) years as alleged by [p]etitoner. The [c]ourt also properly awarded [p]etitioner 63 days [of] credit for time served which represented the 63 days [p]etitioner served prior to the time his parole [in the Mingo County case] was revoked and [p]etitioner began serving his Mingo County sentence.[3]

(footnote added).

Petitioner now appeals the habeas court's November 16, 2020, amended order. This Court reviews a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).
>
> . . . .
>
> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below

---

[3]As noted by the habeas court, the trial court granted petitioner sixty-three days of credit for time served in a second amended sentencing order entered on February 19, 2020.

resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *White*, 215 W. Va. at 699, 601 S.E.2d at 19, syl. pt. 1 (quoting *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, syl. pt. 2).

On appeal, as noted by respondent, petitioner again presents this Court with an inadequate appellate record. In *Jacobs*, we observed that

> Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim."

2020 WL 5588613, at *3.

Here, the appellate record does not include the habeas petition.[4] In its November 16, 2020,

---

[4] In addition to the habeas court's November 16, 2020, amended order, petitioner's appendix includes excerpts from the plea hearing transcript, a May 26, 2020, prisoner timesheet from the West Virginia Division of Corrections and Rehabilitation ("DCR"), and two orders entered in the underlying criminal case *after* the entry of the amended order denying the habeas petition in the instant case. Respondent argues that the excerpts are "cherry-picked" and that the May 26, 2020, prisoner timesheet supports the habeas court's finding that the trial court imposed an aggregate sentence of ten to thirty-six years of incarceration. With regard to the two orders entered in the underlying criminal case *after* the entry of the order being appealed herein, in a third amended sentencing order, entered on November 17, 2020, the trial court directed that petitioner's sentences in this case "shall run **CONCURRENT** with and not consecutive to the sentence imposed [in the Mingo County case.]" A corresponding commitment order, entered on November 20, 2020, reflects that the petitioner's sentences in this case were made concurrent with the Mingo County sentence and that the circuit clerk was directed to "transmit a certified copy of this commitment order to" the DCR.

While not mentioning the November 20, 2020, commitment order, petitioner seemingly argues that the November 17, 2020, third amended sentencing order supports his claims in the instant habeas case. However, we decline to consider arguments based on either order because they were not entered until after the entry of the November 16, 2020, amended order currently under review. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the [lower] court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

amended order, the habeas court made a specific finding that a hearing was not required because the petition failed to show that petitioner was entitled to relief. We further find that petitioner's argument in the instant appeal is misplaced. Petitioner erroneously argues that the habeas court denied the petition without a hearing in "a one page ORDER" that was "entered on January 28, 2020," and requests another remand for findings of fact and conclusions of law. The January 28, 2020, order was the subject of the appeal in *Jacobs*; in this appeal, we find that the habeas court set forth findings in the November 16, 2020, amended order sufficient to support its denial of the petition. Pursuant to Syllabus Points 1 and 3 of *Anstey*, we conclude that the habeas court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm the circuit court's November 16, 2020, amended order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** October 13, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton